[No. 7550.]

BLANKE TEA & COFFEE COMPANY v. SARGENT ET AL. AND
THE UNION TRADING COMPANY, INTERVENOR.

1. FRAUDULENT CONVEYANCES—*Intent.* A merchant's transfer of
his stock of merchandise to a trustee, for its full value, and in good
faith, for the protection of all his creditors, is unassailable. Such a
sale is not within Rev. Stat. § 2678. (301)

2. ——*Bulk Sale.* The transfer of the stock of a merchant, not in the ordinary course of trade, is only *prima facie* evidence of a fraudulent purpose.   (301)

*Error to Mesa County Court.*—Hon. WALTER S. SULLIVAN, Judge.

Messrs. McMULLIN & STERNBERG, Mr. ELMER L. BROCK and Messrs. SMITH & BROCK, for plaintiff in error.

Messrs. ADAMS & GAST, for defendants in error. Mr. GEO. L. NYE, *Amicus Curiae.*

Mr. JUSTICE SCOTT delivered the opinion of the court:

D. W. Sargent and son, defendants in error, conducted a small mercantile business in the town of Fruita; the firm became indebted to various persons including the plaintiff in error.  It made an arrangement with the Union Trading Company to sell its stock of merchandise to the latter.  The parties went to the cashier of a bank in Fruita to have the papers drawn. He advised against the sale to the trading company, and suggested that the stock be transferred to one Abel, as trustee for the benefit of all the creditors of Sargent & Son.  This was done, and under the authority of the deed of assignment Abel sold the stock of goods to the trading company.  The price agreed upon and paid by the Union Trading Company, was the same as Sargent and son had previously fixed as the price the firm was to receive in case of the sale direct to that company.

It is not questioned but that this price was a full and fair value of the goods sold.  After the transfer of the stock to the trading company, the plaintiff in error, a creditor of Sargent & Son, brought suit in attachment before a Justice of the Peace, and levied upon the stock of goods as the property of Sargent & Son.

Upon appeal to the County Court the attachment was dissolved, and the stock of goods found to be the property of the Union Trading Company. There was clearly no statutory ground upon which the attachment could be sustained. The court made the following, among other, findings of fact:

"The transaction as to all parties, the defendants, Sargent & Son, Abel the trustee, and the Union Trading Company was free and clear of any actual fraud on the part of any one, and was made with the intention upon the part of all, of securing the best results for creditors. After the trading company had taken possession of the goods they were seized under an attachment writ issued by the Justice of the Peace in this action."

The evidence justifies this finding and it will not be disturbed. It is clear from the record that the execution of the trust to Abel was for the good faith purpose alone, of protecting all the creditors. There is nothing in the record to show that these were not all protected or that the amount received by the trustee was not sufficient for such purpose. Nor does it appear that the partnership was insolvent.

The contention of the plaintiff in error is that the transaction was in violation of § 2678 Rev. Stat. 1908, commonly known as the Bulk Sales law.

Counsel have presented extensive arguments and numerous citations of authority relating to this statute, and those from other states, of similar import.

But under the circumstances of this case there was no such sale as is contemplated by that statute, and hence the statute is not involved, and it can serve no good purpose to discuss it. But in any event that statute provides that in case of a sale in violation of its provisions, such fact shall be simply *prima facie* evidence that the sale was fraudulent, and the trial court found upon that question and held that the burden was upon defendant, and in this case that "The defendants assumed this burden of proof and succeeded in showing that this sale was free and clear of any fraudulent intention, and was made in the full belief that it was for

the benefit of creditors, and was made with the intention of satisfying the claims of the creditors so far as the proceeds would go.''

*Judgment affirmed.*

*En banc.*