WHEELER & MOTTER MERCANTILE COMPANY, Appellee, v. CHARLES JOHNSON et al., Appellants (two cases).

**SALES:** Bulk Sales Without Notice. The act of a vendor in selling a stock of goods without preceding notice to his creditors of intent to so do creates simply a *rebuttable* presumption of invalidity. *A purchase in good faith and for full value is unassailable.* (See Sec. 2911-a, Code Supp., 1913, now replaced by Ch. 64, Acts 37 G. A.)

*Appeal from Appanoose District Court.*—F. M. HUNTER, Judge.

NOVEMBER 16, 1918.

THESE proceedings were begun to charge the defendants Bauman and Hanna with personal liability for debts contracted by Johnson, the ground for such alleged liability being that said debts were contracted by Johnson while in business as a retail dealer in merchandise, and that, in May, 1915, said debts being still unpaid, Johnson sold his stock of merchandise in bulk to the defendant William Bauman, without giving notice of his intention so to do, as provided by the so-called Bulk Sales Law of this state, Sections 2911-a and 2911-b, Code Supplement, 1913. On trial to the court, the plaintiff's claim as against Bauman was sustained, and a personal judgment rendered against him for the amount due from Johnson to the plaintiff; and Bauman appeals. As against Hanna, the petition was dismissed; and from this part of the judgment, plaintiff appeals. Johnson made no defense, and judgment was entered against him for the full amount of the plaintiff's de-

mand.  The material facts are stated in the opinion.—*Reversed on Bauman's appeal; affirmed on plaintiff's appeal.*

*Poston & Murrow* and *W. B. Hayes,* for appellant.

*C. M. Street* and *Wilson & Smith,* for appellee.

WEAVER, J.—The defendants Bauman and Hanna demurred to the petition, on the ground that there was an apparent misjoinder of parties, and that the petition shows upon its face that plaintiff is not a judgment creditor of Johnson, and that the facts stated do not entitle plaintiff to the relief demanded.  The demurrer was overruled, and the defendant Hanna, answering separately, denied the petition, and affirmatively stated that he purchased a half interest in the stock of goods from his co-defendant Bauman in good faith and for full value, without notice or knowledge of the plaintiff's claim; and that, within a short time thereafter, he resold the interest so purchased by him to the defendant Bauman, and now has no interest whatever in said goods.

The defendant Bauman, in his answer, alleges that he bought the stock of Johnson in good faith and for the full value thereof, without any intention to defraud Johnson's creditors, and without notice of any claim or debt owed to the plaintiff.  He further says that he made said purchase believing and relying upon Johnson's representation that his indebtedness did not exceed $900, and that he had ample funds from which to pay the same; and that, before making final payment on said purchase, he was assured by Johnson that all his outstanding bills were paid.  He denies all charges of fraud, and any purpose or intent on his part to hinder or delay or defeat the creditors of Johnson in the enforcement and collection of their claim against Johnson.

It should also be said that both defendants allege that the defendant Johnson, having received from Bauman the

purchase price of said stock of goods, paid the entire amount thereof to his creditors, and that the same was thereby applied to the payment of debts existing against him at the date of the sale of the goods.

On motion of plaintiff, the court struck from the answer of the defendant practically all of the affirmative matter therein pleaded, on the ground that the alleged facts therein stated are immaterial, and constitute no defense to the claim sued upon.

The cause coming on for trial, it was submitted upon the following agreed statement of facts:

"1. That the defendant William Bauman, on or about the 27th day of April, 1915, purchased a certain stock of general merchandise of the defendant Charles Johnson, who was the then owner of said stock of merchandise, and was operating said stock as a store at Plano, Appanoose County, Iowa.

"2.. That said defendant William Bauman paid to the said defendant Charles Johnson the sum of $4,727.35 for said stock of merchandise, and took possession of the same on or about the 4th day of May, 1915.

"3. That the said amount paid by the defendant William Bauman to the defendant Charles Johnson, for said stock of merchandise, was the full market value thereof at said time.

"4. That said purchase of said stock of merchandise by the said defendant William Bauman from the defendant Charles Johnson, was made by the said Bauman in good faith, and without any notice or knowledge whatever that the said defendant Charles Johnson was indebted in any way or manner, or in any sum whatever, to the plaintiff herein.

"5. That the said defendant William Bauman, in the purchase of said stock of merchandise from the defendant

Charles Johnson, never assumed or agreed to pay any indebtedness of the said defendant Charles Johnson.

"6. That the said defendant Charles Johnson paid out to creditors other than the plaintiff herein, including creditors other than those in the ordinary course of trade, or mercantile creditors, the entire amount of the purchase price of said stock of merchandise; that said creditors, to whom said sum was paid, were creditors of the said Charles Johnson at the date of the sale of said stock of merchandise by him to the defendant William Bauman.

"7. That the defendant William Bauman had no notice or knowledge whatever that the said defendant Johnson was indebted in any sum, at the time he purchased said stock of goods, in excess of $800.

"8. That, at the time the said defendant William Bauman completed his payment for said stock of goods to the said defendant Charles Johnson, it was with the understanding and belief on the part of said Bauman that all of the debts, including all outstanding bills of the said defendant Charles Johnson, had been fully paid.

"9. That the defendant Everett Hanna purchased a half interest in said stock of goods, of the defendant William Bauman, in May, 1915; that he paid the full value for said half interest in said stock of goods, and without any notice or knowledge that plaintiff had or was making any claim against said stock of goods of these defendants; and that said purchase was made by the defendant Hanna in good faith.

"10. That the said defendant Everett Hanna resold said half interest to the said Bauman in the month of June, 1915, and has never had any interest therein since.

"11. That the defendant William Bauman has, in the usual course of trade, and by a bulk sale made in the month of ——————, 1917, disposed of the entire stock

of said merchandise, and has no further interest in said stock of merchandise.

"12. That, when the defendant Charles Johnson sold said stock of merchandise to the defendant William Bauman, said stock of merchandise was sold in bulk, and none of the requirements of Section 2911-a of the 1913 Supplement to the Code of Iowa, then in force, were complied with.

"13. That, at the time said sale was made by the defendant Johnson to Bauman, Johnson was indebted to plaintiff in the sum of $826.87, for merchandise purchased to be used in said stock, and that no part of such debt has been paid."

By a further stipulation, it was also agreed:

"1. That judgment has been rendered against Johnson for the full amount of plaintiff's claim, and is still unpaid; and

"2. That, at the date of the entry of said judgment, Johnson was and still is insolvent."

Upon the stipulated facts, the court entered a judgment against Bauman for the full amount of plaintiff's claim, but provided for a special execution for the sale of the stock of merchandise, and that, for the deficiency, if any, remaining after applying the proceeds of such sale, a general execution issue for its collection.

It will be seen that, by its stipulation of facts, the plaintiff concedes that Bauman purchased the stock in good faith, and paid therefor its full and fair value, without any notice or knowledge whatever of the plaintiff's claim, or notice or knowledge that Johnson was indebted beyond the sum of $800, and that he made the final payment upon said purchase price with the understanding and belief that Johnson had paid all claims and demands against him. It is also conceded that Johnson, having received said purchase price, paid it all to his creditors who were such at the

date of said sale, not including the plaintiff among the creditors so paid, but including some whose claims did not accrue in the course of said defendant's business as a merchant. It is manifest from this statement that the trial court held to the view advocated by plaintiff, that, by reason of the failure of Johnson to give notice to his creditors of his intention to sell his stock in bulk, such sale was rendered void, and operated, as a matter of law, to charge the purchaser with personal liability to the creditors of Johnson to the full value of the stock so purchased, notwithstanding the fact that he made the purchase in perfect good faith, and paid full value for the property, and notwithstanding that the money so paid by him to Johnson was applied by the latter to the satisfaction of the claims of his creditors. In other words, the holding is tantamount to the proposition that, as a matter of law, there can be, as against creditors, no such thing as a valid purchase in good faith of a stock of goods in bulk, where the seller fails to give notice to his creditors, as provided by statute.

The statute, as it stood at the date of this sale (Sections 2911-a, 2911-b, Code Supplement, 1913), provided simply that bulk sales of a stock of goods, where the seller fails to give notice of his intention to do so in the manner prescribed by the first cited section, "will be presumed to be fraudulent and void," as against the creditors of such seller. To give this provision the effect accorded it by the trial court, the language quoted must be construed as equivalent to a declaration that sales so made are conclusively presumed fraudulent and void. But this we cannot do without, in effect, amending the statute. It does not declare such sales void, but that they are presumptively void. In other words, it simply provides a new and statutory rule of evidence, and casts upon a purchaser at a sale of that kind the burden of showing that the transaction

was not fraudulent. Confusion arises in the argument for plaintiff in the case by its reliance upon certain precedents found in decisions by the courts of certain other states where the "Bulk Sales" statutes are much more stringent than our own, and declare unequivocally that such sales, made otherwise than as prescribed, are *per se* fraudulent and void. Such, indeed, is the statutory rule in most states; but in other states, where the provision is similar to our own, the courts are in entire harmony with the views we have here expressed. Quite in point, see *Fisher v. Herrmann*, 118 Wis. 424 (95 N. W. 392) ; *Thorpe v. Pennock Mer. Co.*, 99 Minn. 22 (108 N. W. 940) ; *Hart v. Roney*, 93 Md. 432 (49 Atl. 661) ; *Blanke T. & C. Co. v. Sargent*, 57 Colo. 299 (141 Pac. 468). Such, also, is the clear effect of our recent cases, *Des Moines Packing Co. v. Uncaphor*, 174 Iowa 39, and *Palo Sav. Bank v. Cameron*, 184 Iowa 183. In the *Thorpe* case, supra, the Minnesota court makes a careful comparison of the Bulk Sales laws of the different states, showing how they have developed two distinct plans of effecting the purpose of these enactments. In one class, sales in violation of the statute are only presumptively or *prima facie* fraudulent and void, leaving it open to the purchaser to establish, if he can, the good faith of the transaction and the validity of the sale; and in the other, making such presumption absolute and conclusive. This state, like Minnesota and Wisconsin, falls clearly within the first class. It follows, of necessity, that, the good faith of defendant's purchase being admitted, the trial court erred in rendering judgment against him. The judgment below will, therefore, be reversed on the appeal of the defendant Bauman, and affirmed on the appeal of the plaintiff. The cause will be remanded, with directions to the trial court to enter judgment in favor of the defendant Bauman for the costs of

suit.—*Affirmed on plaintiff's appeal; reversed and re-manded on defendant's appeal.*

PRESTON, C. J., GAYNOR and STEVENS, JJ., concur.